IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANDRE DAVIS, | § | |
| | § | |
| Defendant Below, | § | No. 206, 2024 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. N2004000621A/B |
| | § | |
| Appellee. | § | |

Submitted: January 10, 2025
Decided: March 10, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

(1)     The appellant, Andre Davis, has appealed the Superior Court's denial of his motion for postconviction relief under Superior Court Criminal Rule 61. After careful consideration of the parties' briefs and the record, we affirm the Superior Court's judgment.

(2)     On the evening of April 4, 2020, Robert Tackett called 911 to report that he had been shot. Tackett told a responding officer that he had been in his home recording music with a man he knew as "Dre," "Ray," or "Raymond" when the man shot Tackett. After shooting Tackett, the man had taken Tackett's cell phone, exited the residence, and gone into the house next door. Tackett described the shooter as a black male, possibly in his twenties, with a short haircut, who was wearing a red

hooded sweatshirt, blue jeans, and a black leg brace on his left leg. Tackett received medical treatment for gunshot wounds to his hands and right shoulder and a gash on the back of his head. At the hospital, he identified Davis from a six-photo array.

(3) Police ordered the occupants of the house where the suspect had gone to exit, and they took Davis, who was wearing a leg brace, into custody. A photo of Davis at the police station showed that he was wearing a leg brace, a blue shirt, and greenish pants or jeans when he was detained. Davis had Tackett's cell phone in his pocket; an officer noticed that the phone appeared to have some blood on it. In the house from which Davis had emerged, police found a five-chamber revolver containing five spent cartridges.

(4) A Superior Court jury found Davis guilty of first-degree assault as a lesser-included offense of attempted murder; possession of a firearm during commission of a felony; and first-degree robbery. In a subsequent "B" trial, the same jury found Davis guilty of possession of a firearm by a person prohibited and possession of ammunition by a person prohibited. The Superior Court sentenced Davis to a total of seventy-six years of imprisonment, suspended after fourteen years for decreasing levels of supervision. This Court affirmed on direct appeal.[1]

(5) Davis then filed a timely motion for postconviction relief. The Superior Court granted his motion for appointment of postconviction counsel. Postconviction

---

[1] *Davis v. State*, 2023 WL 2617380 (Del. Mar. 23, 2023).

counsel later moved to withdraw, indicating that he had not identified any grounds for postconviction relief that he could ethically advocate. The Superior Court denied the motion for postconviction relief and granted postconviction counsel's motion to withdraw.[2]

(6) This Court reviews the Superior Court's denial of a motion for postconviction relief for abuse of discretion.[3] We review legal or constitutional questions, including claims of ineffective assistance of counsel, *de novo*.[4] The Court considers the procedural requirements of Rule 61 before addressing substantive issues.[5]

(7) Davis asserts various claims of ineffective assistance of counsel. Ineffective-assistance claims raised in a timely first postconviction proceeding generally are not procedurally barred.[6] Under the "well-worn standards"[7] established in *Strickland v. Washington*, to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that (i) his defense counsel's representation fell below an objective standard of reasonableness, and (ii) there is a reasonable probability that but for counsel's unprofessional errors, the result of the

---

[2] *State v. Davis*, 2024 WL 1715214 (Del. Super. Ct. Apr. 18, 2024).
[3] *Ploof v. State*, 75 A.3d 811, 820 (Del. 2013).
[4] *Id.*
[5] *Bradley v. State*, 135 A.3d 748, 756-57 (Del. 2016).
[6] *Cephas v. State*, 2022 WL 1552149, at *2 (Del. May 17, 2022) (citing *Green v. State*, 238 A.3d 160, 175 (Del. 2020)).
[7] *Ploof*, 75 A.3d at 820.

proceeding would have been different.[8]  Although not insurmountable, there is a strong presumption that counsel's representation was professionally reasonable.[9]  A defendant must make concrete allegations of actual prejudice to substantiate a claim of ineffective assistance of counsel.[10]

(8)  Davis contends that his trial counsel was ineffective because he did not seek to "suppress" evidence relating to the clothes that Davis was wearing on the night of the shooting.  The clothes were not admitted into evidence, nor can we discern any basis for seeking to exclude testimony regarding what the shooter was wearing or what Davis was wearing when arrested.  Rather, we understand Davis's argument to be that counsel did not effectively use the discrepancy between Tackett's description of the shooter's clothing and the clothes depicted in the photo of Davis at the police station to cast doubt as to identification.  We agree with the Superior Court's determination that Davis did not establish prejudice as to this issue.[11]  In closing argument, trial counsel pointed out that investigators never found the red sweatshirt that Tackett said Davis was wearing.  Even if counsel might have more explicitly highlighted the differences between Tackett's description of the shooter's clothing and the clothing depicted in the police-station photo, it is not

---

[8] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).
[9] *Albury v. State*, 551 A.2d 53, 59 (Del. 1988).
[10] *Bradley*, 135 A.3d at 760.
[11] *Davis*, 2024 WL 1715214, at *9.

4

reasonably probable that the jury's verdict would have been different in light of the other identification evidence, including the leg brace and Tackett's testimony that Davis, whom he knew, was the shooter.

(9) Davis also argues that counsel should have tried to show that Davis "was never in possession of any other phone outside of his own." He suggests this could have been achieved by testing the phone for fingerprints or blood. We find no prejudice as to this issue. The evidence that the phone in Davis's pocket was Tackett's was overwhelming and included Tackett's testimony that Davis took the phone when Tackett tried to call 911; an officer's testimony that Tackett told him that Davis had taken Tackett's "Cricket 422 cell phone;" and another officer's testimony that Tackett provided the officer with the pattern passcode for his phone while at the hospital, and when the officer returned to the police station he used that pattern to unlock the phone that had been recovered from Davis's pocket.[12] It is not reasonably probable that testing the phone for fingerprints or blood would have changed the result of trial.

(10) Finally, Davis asserts that counsel did not spend enough time with him preparing for trial, did not sufficiently inform him about the evidence against him,

---

[12] Davis makes a conclusory assertion that the trial judge somehow limited the scope of cross-examination relating to the cell phone. To the extent that Davis is asserting this as other than an ineffective-assistance claim, it is procedurally barred and, in any event, it is not supported by the record.

and withheld discovery materials from him. As the Superior Court found, these claims are not supported by the record,[13] and Davis has not demonstrated that trial counsel's performance was deficient.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[13] *Davis*, 2024 WL 1715214, at *7-8.